Alexander Del Giorno, J.
This is a motion made by the State of New York for an order directing that the claim herein be dismissed upon the grounds that the claim has been released and/or that the claim herein is not timely filed.
On May 11, 1959, the claimant entered into a contract with the State to do certain specified sanitary work in the reception building of the Bronx State Hospital complex. On July 8, 1964, the State issued its final estimate wherein it certified that to that date the work had been executed 100% and as of that date there was a balance due to the claimant of $27,441.31.
This estimate was mailed to the claimant at its address, 280 Broadway, New York City, N. Y.
Pursuant to the final estimate the Comptroller of the State of New York issued a check on July 22, 1964 made out to the Chase Manhattan Bank, assignee of the L. Rosenman Corp., which check was cashed by the Chase Manhattan Bank.
*774 At this juncture, we shall refer to a document dated April 7, 1964, by which document the claimant herein assigned, sold, transferred and set over unto the assignee (the Chase Manhattan Bank) etc., for its own use and benefit, absolutely and forever all moneys due or to become due to the assignor from the afore-mentioned contract between the State and the assignor.
By the said document the claimant authorized, empowered and directed the Comptroller of the State of New York, or any department of the said State of New York, to pay to the assignee, etc., any and all moneys due or to become due to the assignor by virtue of the said contract together with all retained percentages and claims.
It is undenied that neither the claimant nor the Chase Manhattan Bank, its assignee, returned the final check issued by the State or objected to its amount before cashing the same.
The claimant contends that it did not know that the check was mailed to its assignee nor that it was notified by the assignee before cashing the same.
It appears in the motion papers that on January 20, 1965 the claimant tendered to the Department of Public Works a check in the amount of $27,441.31, which check was returned to the claimant on February 4, 1965.
On January 22, 1965, the claimant filed a notice of intention to sue the State upon the said contract and, on May 4,1966, filed a claim in the office of the Clerk of this court.
This is the factual situation upon which the motion of the State is granted as hereinafter set forth.
The claimant contends that the words ‘ ‘ claim accrued ’ ’ are not identical with the expression ‘ ‘ cause of action accrued ’ ’ and that the claim accrues when it matures or when the damages are ascertained; and, further, that pursuant to the provisions of the State’s Architect’s standard construction specifications and the Public Buildings Law, the State’s Architect and Comptroller had the power to pass on the amount to be paid to the claimants and thereby reserved the right to revise the final requisition whereby they could change the amount found due in the final estimate to the claimants.
The court does not see it in the same light. The final estimate is the final check of the work performed and periodical payments made between the claimant and the State whereby the State agrees or disagrees as to the balance due the claimant on a contract. This is the substantive provision affecting their various rights. The right to check by the Comptroller or the State Architect is a procedural matter which may or may not change the total of the final estimate without passing upon the *775 substance contained in the final estimate; in other words, it is a check or “ look-see ” to ascertain that no errors or omissions have crept into the contract. (Edlux Constr. Corp. v. State of New York, 252 App. Div. 373, affd. 277 N. Y. 635.)
Perhaps the difficulties of the claimant all arise from the fact that it made the afore-mentioned assignment to the Chase Manhattan Bank in the manner it was written. The assignment could reasonably have provided for some way or manner in which the claimant could have been advised of the delivery of the check to the Chase Manhattan Bank. At any rate the final estimate itself was the sine qua non which indicated to the claimant the stance assumed by the State upon which the claimant should have acted.
Under the circumstances indicated the court determines that the claim not only matured but accrued on July 8, 1964 when the final estimate was submitted to it, and that, therefore, the notice of intention filed January 22, 1965 was not timely filed, rendering thus the filing of the claim itself over six months after the receipt of the final estimate a nullity (Court of Claims Act, § 10, subd. 4).
In addition to the above, since the assignee had accepted and cashed the check without any complaint, the court must hold that the claimant by the action of its assignee had released the State from any further obligation under the contract. (Edlux Constr. Corp. v. State of New York, supra and Michael v. State of New York, 187 Misc. 347.)