MOUNT VERNON CONTRACTING CORP., Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 45379.)

Court of Claims, January 30, 1967.

*Cribari, Scapolito, Solinger & Buderwitz (Joseph J. Buder-witz, Jr.,* of counsel), for claimant. *Louis J. Lefkowitz, Attorney-General (Laurence F. De Lucia* of counsel), for defendant.

ALEXANDER DEL GIORNO, J. This is a motion made by the State of New York for an order directing that the claim herein be dismissed upon the ground that it has not been timely filed.

On August 25, 1958, the claimant entered into a contract with the State known as Contract Nos. FICWE 58-1, FIHT 58-2 and FARC 58-67, for the construction of a portion of the Cross Westchester Expressway and New York State Thruway in Westchester County. Claimant completed this contract and the work was officially accepted by the New York State Department of Public Works on February 27, 1963. Normally, at this juncture, allowing for a period of time required to assemble facts and figures, the State issues its final estimate certifying the amount which it deems to be the balance due under the terms of the contract. It is the State's contention that such an estimate was issued on February 21, 1964, and since the claim was not filed until June 24, 1965, a period in excess of six months from the claimed date of accrual, and no notice of intention to file a claim was ever filed, the claim should be dismissed. Claimant, on the other hand, contends that the notice of February 21, 1964 was not a final estimate, and that it has never received a final estimate from the State.

A final payment under the terms of this contract was received by the claimant on June 3, 1965. Shortly thereafter, on June 24, 1965, the claim here in question was filed. Thus, a question is presented as to when claimant's cause of action accrued. If,

as the State contends, the communication of February 21, 1964 was indeed a final estimate, then the time within which claimant had to file its claim or its notice of intention would begin to run at that point of time. (*Terry Contr.* v. *State of New York,* 51 Misc 2d 545.) If however, the document of February 21, 1964 was not a final estimate, thereby giving the contractor notice as to the amount the State intended to pay for the work performed, but merely constituted a revision prior to the issuance of the final estimate, the claim would not have accrued at that time, and if no final estimate had been issued prior to the forwarding of final payment, the present claim would be timely. The question presented to the court, therefore, is whether a final estimate was prepared and issued to claimant on February 21, 1964. It is the court's opinion that it was not.

This court only recently, in the case of *Rosenman Corp.* v. *State of New York* (51 Misc 2d 773) had occasion to set forth its view as to what constituted a final estimate. We there, in essence, stated that the final estimate was the certification by the State that it had made a final check of the work performed and periodical payments made, and agreed or disagreed as to the balance due the claimant on the contract.

It is in the light of this standard that the true fabric of the document of February 21, 1964 which the State asserts constituted a final estimate, must be determined. Although the document itself is entitled *final agreement,* the covering letter accompanying it bears the legend *proposed final agreement.* At the very outset, then, a contradiction in terms is presented to the claimant. The word *proposed* given its normal meaning would indicate that a figure or figures are being offered for consideration and study by the recipient as to accuracy, while the word *final* would indicate that the enclosure is conclusive of the matter. Further, although the State's motion is properly grounded upon the service of the final estimate as being the time of accrual of the claim, both sides, at the time of oral argument, referred to the service of a final agreement or final estimate interchangeably, as though these documents were one and the same. They are not, as we shall discuss subsequently.

Despite the fact that the State's motion is grounded upon the lack of timely filing of the claim after the receipt of the final estimate, and the State's acceptance in its memorandum of law of similar rulings of this court in *Terry Contr.* v. *State of New York* (*supra*) and *Rosenman Corp.* v. *State of New York* (*supra*) as regards the final estimate, it now appears to be taking the position, as indicated by a letter-memorandum submitted after argument of the motion, that the receipt of the *final*

*agreement* by the contractor is the time when the cause of action accrues.

The court is not unsympathetic to the dilemma in which the Attorney-General's office finds itself regarding this problem of accrual of the claim; it also finds difficulty at times in resolving that very question. Nonetheless, a final estimate is the conclusive, albeit unilateral, interpretation by the State of the performance of the various items of the contract, wherein it indicates that the contract has been completed to the percentual extent set forth therein for each item, the amount agreed to and paid by the State and balance due, if any, from the State. This being so, the court finds it necessary to again remind the State that motions of this nature, which seek the dismissal before trial of substantial claims, should rest securely upon a foundation of compliance by it with the requisites and formalities of a final estimate as mandated in the public works specifications and the standard public works agreement, which we find to be the only provisions which would apply in this controversy.

The public works specifications of January 2, 1957 provide at pages 60–61, as follows:

"The final estimate will not be completed until all work required under the contract has been satisfactorily completed, all claims presented and all accounts for extra work and materials have been rendered, considered, and, if agreed to, made a part of such final estimate.

"The Superintendent will approve a voucher for final payment based on the final estimate as prepared and approved by the District Engineer, less previous payments and any and all deductions authorized to be made by the Superintendent under the contract. Payment pursuant to such final voucher less any deductions authorized to be made by the Comptroller under the contract shall constitute the final payment and shall be made by the Comptroller."

Article 10 of the standard public works agreement (p. 25) provides as follows:

"ARTICLE 10. FINAL PAYMENT.

"After the final acceptance of the work, the Engineer shall prepare a final estimate of the work done from actual measurements and computations relating to the same, and he shall compute the value of such work under and according to the terms of the contract. This estimate shall be certified to as to its correctness by the Engineer. Upon approval of such final estimate by the District Engineer, it shall be submitted to the Superintendent for final approval. The right, however, is hereby

reserved to the Superintendent to reject the whole or any portion of the final estimate, should the said certificate of the Engineer be found or known to be inconsistent with the terms of the agreement or otherwise improperly given. All certificates upon which partial payments may have been made being merely estimates, shall be subject to correction in the final certificate or estimate.''

It cannot be said that this claim accrued on February 21, 1964, since the claimant herein has not even to this date received a final estimate. The first opportunity claimant had of ascertaining its damages was available to it only when it received the final payment on June 3, 1965.

It is the court's belief that since we here deal with claims which frequently reach vast sums of money, the loss of which on a technicality could prove disastrous to a contractor, a simpler and more definitive method of determining the time of accrual should be found. Should it be the final estimate or the final agreement or the date of the return by the contractor of the State's final payment check? Whether any of these or any other event or subject matter should be chosen as the point of commencement, it is a matter for the Superintendent of the Department of Public Works to determine. The definite choice by the Superintendent of the Department of Public Works ought to be made a part of the standard public works agreement, and, perhaps, should be appended to the final estimate, or whatever the Superintendent would designate as the final document. The document should, of course, be in full compliance with the aforementioned specifications and public works agreement provisions so that it would warn the contractor of the finality of the State's position. In this manner, both the contractor and the State would be fully aware of where each stood. Contracts which are so intrinsically intertwined with the growth and development of the State should not contain lurking pitfalls productive of future destruction of contractual rights. They should be prepared and performed on a basis of mutual trust, confidence and understanding which, in the end, would be more advantageous for all concerned. We may terminate this discussion with the simple suggestion that such warning also could be made an integral part of every contract.

Although the court has found that no final estimate was issued in this matter, and the claim is timely filed, it is of the opinion that it must, nevertheless, resolve yet one more issue which has been raised by way of the present motion. A motion for judgment on the first cause of action on this claim and for severance was heard in the Court of Claims on August 3, 1965. On that

occasion, the claimant-contractor received judgment for the admitted balance due and the remainder of the claim was severed without prejudice to the claimant's right to proceed to trial thereon.

The claimant now takes the position on this motion that inasmuch as no objection was made by the State to the court's jurisdiction at that time, it is now foreclosed from raising the issue. The State, conversely, appears to be taking the position that the findings of fact which were made by the court at the time of the granting of severance, preclude claimant from now proceeding forward on its claim. We find neither contention tenable.

In *Wheeler* v. *State of New York* (49 N. Y. S. 2d 939), the then Presiding Judge BARRETT reviewed the genesis of the Court of Claims Act and its rules, and concluded (p. 941) " The statutory requirements as to the filing of claims against the state cannot be waived, and it is incumbent upon this court to consider and pass upon them." Timely filing is a jurisdictional requirement which may not be waived, but can be raised at any time. (*Buckles* v. *State of New York*, 221 N. Y. 418.) The failure therefore on the part of the State to raise the question of timeliness of filing at the time of the granting of severance was not and is not a bar to its raising the question by way of motion at this time.

At the time severance was granted, the court made a series of findings of fact. Included among these were two findings numbered seven and nine. In finding number seven the court found that the Department of Public Works prepared a final estimate and final agreement and delivered the same to claimant on or about February 21, 1964. In finding number nine the court found that on April 7, 1964, the said final estimate and final agreement were returned unsigned to the Department of Public Works by the claimant.

Despite these findings, this court is nonetheless of the opinion that it is free to make an independent ruling on the issue of whether such a final estimate was ever issued, and it has found that it was not. The earlier proceedings pertaining to the granting of severance amounted merely to the awarding of a partial summary judgment on a portion of the over-all claim to which there was no defense. However, at the time of said award the court, by specific decree, adjudged and ordered that the payment of said judgment and the findings of fact and conclusions of law made therein were not to be deemed prejudicial to, nor an adjudication of any of the issues which might arise in connection with the trial and determination of the remaining

causes of action alleged in the claim. Such a ruling thus leaves this court free to accept or reject the contentions raised on the present motion pertaining to the nature of the document relied upon as a final estimate by the State. Accordingly, the present motion to dismiss the claim herein is denied.