A. E. OTTAVIANO, INC., Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 46777.)

Court of Claims, February 14, 1967.

*Gilleran & Spring* (*Arthur J. Spring* of counsel), for claimant. *Louis J. Lefkowitz, Attorney-General* (*Joseph T. Hopkins* of counsel), for defendant.

ALEXANDER DEL GIORNO, J. Claimant has brought an action to recover the sum of $1,038,914.87, together with interest, for damages arising out of work performed by claimant under a contract with the State of New York known as FI WE 61-2, H. C. 6111, entered into on November 24, 1961, for the construction of a portion of the Whitestone Expressway in the County of Queens, State of New York; and also for recovery of the final payment due under the contract, representing the balance due and owing claimant upon the final estimate.

The present motion has been made by claimant for an order directing severance of the above-entitled claim with respect to the afore-mentioned final payment and retained percentages. This court, by order dated January 24, 1967, ordered the severance and directed that a judgment be entered in favor of claimant and against the State of New York in the sum of $151,582.37, the balance concededly due under the contract.

Although it is the customary and heretofore accepted practice of the Court of Claims to reserve the question of a claimant's right to interest on a severance judgment until the final determination of the disputed items of the claim, both parties have requested, and the court has consented to make a determination of the issue of interest in the present additional memorandum decision. The ultimate disposition made by the court herein regarding interest is separate and apart from the amount found to be admittedly due to claimant, which the State may pay, and is to be acted upon by the parties independently of the severance judgment.

Claimant contractor completed its contract and the work was officially accepted by the State of New York on September 18, 1964. However, it was not until January 28, 1966, a period in

excess of 16 months from the date of acceptance, that an unsigned, proposed final estimate was submitted to claimant by the State, and it was not until August 22, 1966 that the State finally forwarded an approved certified final estimate and final agreement. On this point, the court would have been inclined to accept the latter date as the time when the cause of action accrued. Claimant, however, has accepted the earlier unsigned final estimate as the one which furnished to claimant all the necessary information it required to sufficiently apprise it of the State's position in regard to the final payment. Accordingly, it acted thereon and timely filed its claim on July 22, 1966. In paragraph No. 13 of the claim, the claimant alleges that as of the date of the claim the State unreasonably and without just cause refuses to make payment of the final conceded amount of $152,919.09. It was not until January 13, 1967, two years and four months after the acceptance of the work, that the State finally and for the first time tendered its check to claimant as and for its final payment.

The issue now presented to the court for determination is whether, on the foregoing facts, claimant is entitled to an award of interest on the severance judgment of $151,582.37 and, if so, for what period of time.

The contract between the claimant and the State contained as one of its provisions the following clause which is also contained in the Public Works specifications of January 2, 1957, and entitled "Acceptance of Final Payment". It reads as follows:

"The acceptance by the Contractor, or by anyone claiming by or through him, of the final payment shall constitute and operate as a release to the State from any and all claims of any liability to the Contractor for anything theretofore done or furnished for or relating to or arising out of the work done thereunder, and for any prior act, neglect, or default on the part of the State or any of its officers, agents, or employees, excepting only a claim against the State for the amounts deducted or retained in accordance with the terms and provisions of the contract, and excepting a claim for delay or one arising from 'Disputed Work' as set forth in a preceding paragraph and filed in a signed statement form with the Superintendent.

"The Contractor is warned that the execution by him of a release in connection with the acceptance of the final payment, containing language purporting to reserve claims other than those herein specifically excepted, or for claims for amounts deducted by the Comptroller, shall not be effective to reserve

such claims, notwithstanding anything stated to the contrary, orally or in writing by any officer, agent or employee of the State.

"Should the Contractor refuse to accept the final payment as tendered by the Comptroller, it shall constitute a waiver of any right to interest thereon."

It is the State's contention that the final paragraph of the above-quoted clause is dispositive of the question here presented, the argument being that the State, having made a tender of the final payment, and the same having been refused, the claimant has waived its right to interest thereon. The court does not agree. The final acceptance of the contract by the State was almost 28 months prior to its tender of final payment, clearly an unreasonable period of time within which to make payment. It is the opinion of the court that this failure on the part of the State to make payment within a reasonable period of time constituted a material breach of the contract by the State, which deprived claimant of the use of a very substantial sum of money for approximately two years and four months. The State, having thus breached its contract, cannot now, and for its own benefit, avail itself of an alleged waiver provision in the very same contract. We, therefore, are of the opinion that the claimant is entitled to an award of interest. (*Merritt-Chapman & Scott Corp.* v. *State of New York,* 25 A D 2d 455 [3d Dept., 1966].) The State has offered neither a justification nor an excuse for waiting so long before making a tender of the sum admittedly due.

The court does not believe that the cases cited by the State require a result different from that which has been reached. It is to be noted that in the case of *Wood* v. *State of New York* (12 N Y 2d 25 [1962]) the final agreement was delivered to the claimant shortly after the final acceptance of the contract. Clearly then, the Court of Appeals could not award interest for unreasonable delay in the preparation of the final estimate and ultimate payment. To the same effect is the decision of the Appellate Division, Fourth Department, in the case of *Yonkers Contr. Co.* v. *New York State Thruway Auth.* (26 A D 2d 766) (approximately nine weeks between final acceptance and final estimate). Nor does the court believe that the conclusion reached regarding the *Wood* decision by the Appellate Division, Fourth Department, in the case of *Byrne Constr. Co.* v. *New York State Thruway Auth.* (19 A D 2d 192), namely, that the Court of Appeals gave a literal construction to the clause in the *Wood* contract which read: "Should the Contractor refuse to accept the final payment as tendered by the Comptroller, it shall constitute a waiver of interest thereon," is the only

interpretation one may make of the reasoning of the Court of Appeals.

In the *Wood* case, the claimant had agreed that the State could charge for engineering and inspection expenses incurred by the State from the agreed completion date to the actual date of completion of the contract; that three extensions were granted with engineering and inspection charges; that, although claimant had been orally asserting a claim for extra payment before the completion of the contract, he executed the final estimate and agreement without any reservations; that the Comptroller transmitted to the claimant the final check representing the balance due under the contract (as in final estimate) less the computed engineering and inspection charges; that claimant returned said check and filed the claim, less only the undisputed engineering charges which were computed by the claimant according to his own interpretation of the terms of the extensions granted.

At the *Wood* trial the claimant asserted that he understood from the wording in the extensions that only certain charges would be made pursuant to the third extension. The Court of Claims and the Appellate Division agreed with the claimant but the Court of Appeals did not and dismissed the claim. The Court of Appeals significantly stated that the claimant's reliance on his own interpretation was of no importance, and was at his own risk. The court stated that he could have ascertained the charges incurred for engineering and inspection *before* signing the final estimate.

I read the *Wood* case to mean that the claimant, by signing the final estimate without any conditions or qualifications, closed upon himself all avenues of escape or probability of asserting any justification for his refusal of the final payment check, thereby making literally effective the waiver clause in the contract depriving him of interest upon refusal to accept the tendered check.

We must emphasize that the tremendous advantage and protection given the State by its own specifications and proposals against the contractors may not be used by it to thwart the rights of the contractors. To countenance this indifference to its own obligation would, in my opinion, be counter to justice and the game of fair play, of which the State should be the chief exponent. Waiting 28 months to tender to this contractor what is concededly his money is a breach of the State's obligation under the contract, whether express or implied. For the court to permit this unconcern without requiring payment of interest would be an acceptance of a palpable wrong.

The court, thus having found that interest is payable, must now determine for what period of time it should be awarded. At the time of the trial which resulted in the severance judgment, testimony was elicited from the claimant's vice-president that 90 days would not have been an unreasonable period of time for the State to have completed its processing of the final estimate after formal acceptance of the contract. This testimony was not contradicted in any manner by the State, nor was any evidence introduced that such a period would not be ample.

Therefore, we accept the testimony of claimant's witness in this regard. We find that an allowance to the State of 90 days from the date of acceptance to the date of the final estimate is reasonable and direct that the award of interest to the claimant be computed from December 18, 1964 to the date of entry of the severance judgment. (*Merritt-Chapman & Scott Corp.* v. *State of New York, supra.*)