Henry W. Lengyel, J.
This is a motion by the State of New York for an order dismissing the claim herein upon the ground that said claim was not timely filed.
The parties hereto agreed that the State mailed a final estimate to the claimant on November 19,1965. On January 11, 1966, the claimant executed and returned said final estimate to the Department of Public Works, together with a verified notice of claim for additional moneys allegedly due and owing claimant.
*63 The State by letter of February 9, 1966, acknowledged receipt of the communication of January 11 and, by implication, rejected said claim. On March 10,1966, the State tendered to claimant a check in the sum of $27,566.71, as per the final estimate mailed to claimant on November 19,1965. Claimant returned said check to the State Comptroller on March 17, 1966.
Claimant filed its claim against the State in the Court of Claims on May 25,1966.
The State contends that the time in which to file said claim commenced on November 19,1965; that a claim filed May 25,1966, was six days over the six-month jurisdictional Statute of Limitations allotted by subdivision 4 of section 10 of the Court of Claims Act in breach of contract claims; and, that, as the claim was not timely filed, this court does not have jurisdiction over the subject matter of the claim.
Claimant, of course, disagrees with the State’s position and presents to the court alternative dates for the commencement of the six-month period; i. e., either January 11, 1966 when it returned the final estimate together with its claims for additional payments; or, February 9, 1966 when the State rejected the claims submitted on January 11,1966. Although not material to our decision, we perhaps should note that the verified claim, included in the letter dated January 11, was dated and verified on January 12.
Edlux Constr. Corp. v. State of New York (252 App. Div. 373, affd. 277 N. Y. 635) established that a claim does not accrue until the extent of the damage can be ascertained, and Michael v. State of New York (187 Misc. 342, 347) held in part that: “ The discovery of the facts relating to the final estimates and agreements by counsel was notice to his client. ” We are in agreement with these legal principles. However, we believe the State to be patently incorrect in its application of these principles to the initial final estimate submitted to the contractor. We admit the incongruity of our use of the language “ initial final ” but such is required by the language of the State contract, Public Works Specifications of January 2,1962, which reads at pages 68 and 69 as follows:
‘ ‘ alleged claims. Upon the completion and final acceptance of the work and the submission of a final estimate to him for signature, the contractor shall submit a written verified statement of any and all alleged claims against the State, in any way connected with or arising out of the contract. * * *
‘‘ final estimate. The final estimate will not be completed until all work required under the contract has been satisfactorily completed, all claims presented and all accounts for extra work *64 and materials have been rendered, considered, and, if agreed to, made a final part of such final estimate. ” (Emphasis added.)
Manifestly said contract provisions are an acknowledgment that the State realized it may miss some due payment which should be included in the ultimate final estimate. To require the claimant to sue or to prepare for litigation, possibly before the State has had an opportunity to review and conceivably revise its initial final estimate, could be to require claimant to perform a useless act. We have always considered useless acts to be anathema to law and rejected as such.
After final acceptance of work, under the clear intent of the language used in said contract, the final estimate is not completed (is not truly final) until all claims have been presented and until the State has either “agreed to” the accounts for extra work and materials or rejected same. We hold that the claim does not accrue until the final estimate is complete.
We note the plethora of motions being made by the State to dismiss claims under subdivision 4 of section 10 of the Court of Claims Act as same relates to the final estimate. (See Rosenman Corp. v. State of New York, 51 Misc 2d 773; Terry Contr. v. State of New York, 51 Misc 2d 545; Mt. Vernon Contr. Corp. v. State of New York, 52 Misc 2d 781; Grandview Constr. Corp. v. State of New York, Claim No. 47297, Motion No. 9766, January 10, 1967; Fehlhaber Corp. v. State of New York, 52 Misc 2d 1073; Zoli Constr. Co. v. State of New York, Claim No. 42877, Motion No. 9913, March 1,1967; cf. A. E. Ottaviano, Inc. v. State of New York, 52 Misc 2d 998.) When there is this much confusion in the interpretation of contract terms, there is something basically wrong with such terms. Judge Del Gioruo, who has written the bulk of the above decisions, has clearly and explicitly indicated his concern about this confusion. He has recommended a simplification in this area of the lengthy State contract, to the end that contractors will clearly understand their rights in relation to the accrual date of their claims. We subscribe to Judge Del Giorno’s suggestions in this field.
We would, of course, never accept the State’s thesis that the statute commenced to run on the date that the alleged final estimate was mailed. Certainly, there could not be any notice until the document had been received. However, if we were to hold this claim was not duly filed, and adopted the State’s date of November 19, 1965, we would, under our equitable jurisdiction within the framework of the claim before us, hold that claimant be granted permission to file a late claim under subdivision 5 of section 10 of the Court of Claims Act.
*65 Said section grants this court the power to permit a late filing, within two years after the accrual of the claim, when there is a reasonable excuse for the failure to file in time and the State or its appropriate department, has, within the primary time limit, actual knowledge of the essential facts. Claimant would clearly come within the requirements of said section. Claimant’s attorney’s affidavit sets forth that this law firm followed the same filing procedure that it has followed for years without objection by the State. Apparently other law firms throughout the State, as witness the rash of motions indicated above, also followed the same or similar procedures. G-ranted ignorance of the law is no excuse but ignorance of a change in the technical interpretation of clauses within a standard State contract must be held to be a reasonable excuse. To hold otherwise would be inequitable and an abuse of the discretion vested in this court. If the State wished to make this technical change in interpretation, it should have done so after due notice to contractors.
Secondly, the verified notice and statement of claim which was mailed to the Department of Public Works by registered mail on January 11,1966, gave said department detailed and accurate actual knowledge of the claim herein. The State, therefore, could not possibly be prejudiced by any late filing.
We trust that the advocates of this State never forget that, together with their duty to their client, they also owe a duty to the individual citizen of the State, as well as to the courts, not to seek to develop technicalities which unfairly militate against a citizen having his day in court and receiving his full measure of justice.
The claim herein was duly filed. Motion denied.