■ L. Rosenman Corp. et al., Appellants, v. State of New York, Respondent. (Claim No. 46502.) — Reynolds, J. P. Appeal from an order of the Court of Claims granting the State's motion to dismiss appellants' claim. The instant claim arises from a contract entered into between appellants and the State on May 11, 1959 with respect to certain sanitary work in the reception building of the Bronx State Hospital. Subsequently, on April 7, 1964 the appellants assigned all moneys due them under the contract to the Chase Manhattan Bank and so notified the State. On July 8, 1964 the Department of Public Works sent appellants a "final certificate" showing that the work was fully completed and that $27,441.31 was due on the contract and on July 20, 1964 the State sent a check to Chase in the amount of $27,441.31 which Chase deposited without notifying the appellants. Shortly thereafter, however, appellants discovered that the check had been received and deposited by Chase and requested that it be recalled by Chase, but this could not be done because the check had already been negotiated. Then on January 20, 1965, some six months later, the appellants for the first time notified the State that the final payment had been deposited in error and enclosed a check for $27,441.31 which was returned by the State. We would first note that the State does not in this court raise the question that the claim was not timely filed (cf. *Tilden Constr. Corp.* v. *State of New York,* 30 A D 2d 612; *Terry Contr.* v. *State of New York,* 27 A D 2d 499) and thus the dismissal can only be sustained if the trial court correctly held that Chase's deposit of the check released the State from all claims arising under the contract. In our opinion the provision of the contract which provides that "acceptance * * * of the last payment * * * shall operate as a release to the State of New York" is enforceable in the instant case (*Buffalo Elec. Co.* v. *State of New York,* 14 N Y 2d 453; *Brandt Corp.* v. *City of New York,* 14 N Y 2d 217). The fact that Chase made the acceptance is not controlling (see *Nicholas* v. *City of New York,* 293 N. Y. 704) particularly where as here the assignment gave Chase broad powers to act on appellants' behalf. Nor under the circumstances of this case did the State have an obligation to enclose a notation with the check that it was the final payment (see *Buffalo Elec. Co.* v. *State of New York, supra,* revg. 17 A D 2d 523, 525). Appellants' reliance on *Dalrymple Gravel & Constr. Co.* v. *State of New York* (23 A D 2d 418, affd. 19 N Y 2d 644) is misplaced. In *Dalrymple* the Appellate Division found, upon the facts in that case, that the circumstances preceding and sur-

rounding the depositing of the check by a clerk of claimant, quickly corrected, supported claimant's plea of simple mistake, and that no acceptance was ever effected. In the Court of Appeals it was held that there was sufficient evidence to support the affirmed finding below that no acceptance was ever effected. The facts in that case do not support the application of its rationale here. Any broader construction would make a mockery of the release provision, since accepting such a position would mean that everytime a dissatisfied contractor accepted final payment he could claim later he had made a mistake and tender return of the payment. Moreover assuming *arguendo*, the broader construction advanced by appellants, their six months' delay in notifying the State of the mistake after learning that the check had been deposited cannot be construed otherwise than as an acceptance by them of final payment and to negate any claim of mistake. Order affirmed, with costs. Reynolds, J. P., Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Reynolds, J. P. [51 Misc 2d 773.]