OAK CONSTRUCTION COMPANY *v.* DEPARTMENT
OF STATE HIGHWAYS

1. LIMITATIONS OF ACTIONS—COURT OF CLAIMS—NOTICE OF CLAIM.
    No claim may be maintained against the state or any of its de-
    partments unless a written notice of claim or written notice
    of intention to file a claim is filed in the Court of Claims
    within one year after the claim has accrued (MCLA § 600.6431
    [1]).

2. LIMITATION OF ACTIONS—COURT OF CLAIMS.
    The statute of limitations for bringing a claim against the state
    in Court of Claims is three years (MCLA § 600.6452[1]).

3. LIMITATION OF ACTIONS—COURT OF CLAIMS—HIGHWAY DEPART-
    MENT—ACCRUAL OF CLAIM.
    A claim against the state for extras on a contract with the
    highway department accrues, within the meaning of the statute
    requiring a claim or notice of claim to be filed in the Court
    of Claims within one year after the claim has accrued, when
    the central office adjustment board of the Department of State
    Highways finally notifies the claimant that it has rejected his
    claim (MCLA § 600.6431[1]).

Appeal from the Court of Claims, Creighton R.
Coleman, J.   Submitted Division 2 May 11, 1971, at
Lansing.   (Docket No. 9761.)   Decided May 19,
1971.

Complaint by Oak Construction Company against
the State Highway Department for extra work done
under a highway repair contract.  Accelerated judg-

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 51 Am Jur 2d, Limitation of Actions §§ 115, 116.
[2] 51 Am Jur 2d, Limitation of Actions § 36.

ment for defendant. Plaintiff appeals. Reversed and remanded.

*Doyle & Smith, P. C.,* (by *Dan L. McNeal*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Karl S. Vasiloff,* Assistants Attorney General, for defendant.

Before: DANHOF, P. J., and FITZGERALD and QUINN, JJ.

FITZGERALD, J. This appeal comes to us from the Court of Claims. Plaintiff contracted with the State Highway Department to do certain repair work on US 10 in Pontiac, Michigan. The work began on May 21, 1963, and was completed on November 30, 1964.

On December 17, 1965, plaintiff submitted claims for "extras" to the project engineer. "Extras" are requests for compensation for necessary work done while completing the contract but not included in the contract specifications.

Final estimates of costs were completed by the project engineer on February 28, 1966, and sent to plaintiff on March 22, 1966. On April 28, 1966, plaintiff received a check from defendant covering the amount of the final estimate. This check excluded over $68,000 worth of "extras" plaintiff claimed was due him under the contract.

Pursuant to procedures set up by defendant highway department, plaintiff, on May 7, 1966, presented a list of these disputed claims to the central office adjustment board of the highway department

for review.   The central office adjustment board rejected the claims in writing on April 1, 1968.

Subsequently, plaintiff filed a complaint in the Court of Claims for the amount of the "extras" on March 28, 1969.   Defendant filed a motion for an accelerated judgment on the grounds that plaintiff had not filed a notice of claim within one year after the claim accrued as required by MCLA § 600.6431 (1) (Stat Ann 1962 Rev § 27A.6431[1]).   On June 10, 1970, the lower court ruled that the defendant had not complied with MCLA § 600.6431(1) (Stat Ann 1962 Rev § 27A.6431[1]) because his claim had accrued on February 28, 1966, when the final estimate had been filed, and thus he had not filed notice of claim within the required one-year period.  Plaintiff appeals as of right this ruling and dismissal of his claim.

The sole question for our determination and interpretation in this appeal is: when does a claim accrue, under the instant facts, within the meaning of  MCLA  § 600.6431(1)   (Stat  Ann  1962  Rev § 27A.6431[1])?

Plaintiff argues on appeal that his claim did not accrue until it was finally rejected by the central adjustment board of the highway department.   He argues that as long as he was pursuing remedies within the highway department his claim had not accrued.

Defendant counters that plaintiff's claim accrued on February 28, 1966, when he received the final estimates from the project engineer.

It appears that this particular issue is one of first impression in this state, although the issue has given rise to a not inconsiderable amount of litigation in other states.   See *Edlux Construction Corporation* v. *State of New York* (1937), 252 App

Div 373 (300 NYS 509); *Mount Vernon Contracting Corporation* v. *State of New York* (1967), 52 Misc 2d 781 (276 NYS2d 1009); *Fletcher-McCarthy Construction Company, Inc.* v. *State of New York* (1967), 53 Misc 2d 62 (277 NYS2d 714); and *Terry Contracting, Inc.* v. *State of New York* (1967), 27 App Div 2d 499 (280 NYS2d 450).

The Court of Claims act contains two limitations. The first is that found in MCLA § 600.6431(1) which provides that a notice of claim must be filed within one year after the claim has accrued. The other is the three-year statute of limitations found in MCLA § 600.6452(1) (Stat Ann 1962 Rev § 27A.6452[1]). This section provides that an action shall be forever barred if a claim is not made within three years after the action accrues.

This Court, in the case of *Anthonsen* v. *State Highway Commissioner* (1966), 4 Mich App 345, reconciled these two provisions by ruling that the purpose of the one-year limitation is to give the state notice of claims against it; while the purpose of the second limitation is to provide a further period of time within which the claimant may make a more specific claim against the state. The act thus provides for a short one-year limitation within which to give notice of a claim to the state and a longer three-year limitation within which a claimant must make his claim specific. *Anthonsen, supra,* still did not answer the question of when a claim accrues within the context of the situation now before the Court. Two other cases deal with the general problem presented but do not aid in resolving the issue before us. These are *Gilliland Construction Company* v. *State Highway Department* (1966), 4 Mich App 618, and *Reich* v. *State Highway Commissioner* (1967), 5 Mich App 509.

On September 21, 1966, the Director of the State Highway Department sent a letter to state contractors setting forth the procedures to be used in requesting additional compensation for contract work. The first step there set forth was for the contractor to notify the project engineer in writing of extra work before the contractor begins the work. The second step is for the contractor, after completion of the work, to file a detailed written account of his claim with the project engineer. If the written decision of the project engineer is against the contractor, he may then take the final step of requesting review of the claim by the central office adjustment board. The central office adjustment board then reviews the claim and renders the contractor the final written decision. Any further remedy for the contractor lies with the Court of Claims.

In the case before us today, it is quite obvious that the plaintiff relied upon these internal procedures of the highway department. He thus did not file his claim in the Court of Claims until these internal procedures were exhausted.

The action of plaintiff was entirely consistent with the applicable doctrine of exhaustion of administrative remedies. That general precept holds that one must avail oneself of all administrative remedies before one seeks redress in the courts. See MCLA § 24.301 (Stat Ann 1971 Cum Supp § 3.560[201]). Should one fail to do so, the chances are excellent that one will have his action dismissed as being premature.

To rule as defendant urges in the instant case would place plaintiff in a position that is inconsistent with our system of justice. For example, if plaintiff is required to file in the Court of Claims before he exhausts all his administrative remedies,

he runs a substantial risk of having his complaint dismissed for being premature. On the other hand, if plaintiff is required to exhaust his administrative remedies as set forth by the highway department, but the statute of limitations begins to run, as defendant argues here, before the exhaustion of those remedies, then plaintiff runs a substantial risk that the statute of limitations on his claim would run before the final determination of that claim by the highway department. This would, needless to say, place plaintiff in what could be most aptly termed a legal quandary.

Additionally, to hold as defendant argues here would enable defendant to defeat plaintiff's claim by administrative delay. If defendant took longer than the three-year limitation period to finally review plaintiff's claim, then plaintiff would lose his action in the Court of Claims while waiting for the defendant to make its final review. We note in passing that in the instant case the central office adjustment board took nearly two years to review plaintiff's claim before rejecting it. The concern over a possible three-year delay is certainly not spurious.

Furthermore, the notice policy as embodied in MCLA § 600.6431(1) (Stat Ann 1962 Rev § 27A-.6431[1]) is not of overwhelming concern here because defendant, when reviewing the claim through its administrative procedures, certainly has been put on notice that there is a certain claim outstanding against it.

Fairness and logic mandate that we hold that a claim accrues under MCLA § 600.6431(1) (Stat Ann 1962 Rev § 27A.6431[1]) when the defendant has finally rejected a contested claim in the last step of its claim procedure, in this case, when the central

office adjustment board notifies plaintiff that it has rejected its claim.

We therefore reverse the Court of Claims, reinstate plaintiff's action, and remand for a trial on the merits.   No costs, a public question being involved.

All concurred.