■ C. K. REHNER, INC., Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK (SOUTH EAST BRONX HIGH SCHOOL), Appellant.—Order, Supreme Court, New York County, entered November 26, 1974, denying defendant's motion to dismiss the second, third, fourth and fifth causes of action and to grant summary judgment partially dismissing the first cause of action, unanimously reversed, on the law, and the motion granted. Appellant shall recover of respondent $60 costs and disbursements of this appeal. This contract action brought for payment alleged to be due and for damages for breach of contract arises out of a written agreement between the parties requiring plaintiff to perform certain labor and furnish material and equipment at South East Bronx High School for a stated consideration. The contract provided that "The acceptance by The Contractor * * * of the final payment * * * shall operate as and shall be a full and complete release * * * of and from any and all claims, demands and causes of action whatsoever, which The Contractor * * * have or may have against [defendant] by reason of any matter or thing arising from, connected with or related to this contract". Defendant approved a final payment certificate in the net amount of $83.42 in cash and $27,994.33 in bonds and authorized final payment. A voucher for the cash and release of the bonds was audited by the comptroller's office and a warrant payable to the plaintiff was sent. This warrant, negotiated by the plaintiff, had printed on its face the legend: "Final Payment subject to terms of Final Payment Certificate". Plaintiff admitted that it had received the final payment certificate and the voucher

*prior* to receipt of the warrant. After subsequent commencement of the instant lawsuit, defendant moved to dismiss certain causes of action and for partial summary judgment predicated on plaintiff's acceptance of final payment which, it is argued, released defendant from claims arising under the contract. The circumstances noted above impel the conclusion that plaintiff was fairly notified of the consequences of negotiation of the warrant (see *L. Rosenman Corp. v State of New York,* 32 AD2d 603; cf. *Dalrymple Gravel & Contr. Co. v State of New York,* 19 NY2d 644). Here, unlike the situation presented in *Dalrymple,* there was no action taken by plaintiff prior to negotiation of the checks indicating rejection and the warrant bore a notation as to its status as a final payment. Plaintiff's contention that its clerical employee who deposited the warrant had no authority to act for the corporation, is unpersuasive. To argue the clerk's lack of authority when the scope of his actual authority was exclusively under plaintiff's control and plaintiff placed the clerk in the position where he could receive and deposit checks, is to admit the "mockery of the release provision" foreseen in *L. Rosenman Corp. v State of New York (supra,* p 604). Concur—Markewich, J. P., Murphy, Lupiano, Tilzer and Lane, JJ.