# STATE OF MICHIGAN

# COURT OF APPEALS

RAINBOW CONSTRUCTION, INC.,

UNPUBLISHED
February 24, 2015

Plaintiff/Counter Defendant-
Appellee,

v

No. 318591
Livingston Circuit Court

HOWELL TOWNSHIP,

LC No. 12-026975-CK

Defendant/Counter Plaintiff-
Appellant.

Before: MURPHY, P.J., and METER and SERVITTO, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying its motion for summary disposition under MCR 2.116(C)(7) (statute of limitations). We affirm in part, reverse in part, and remand for further proceedings.

## I. BASIC FACTS

This case involves an August 8, 2005, contract between plaintiff and defendant to build a public water and sanitary sewer extension. The agreement provided that the work on the sewer extension "will be substantially completed on or before June 8, 2006," and that "time is of the essence." Article 10.05 of the agreement provided that the rendering of a decision by defendant's engineer on a claim, dispute, or other matter was a condition precedent to filing suit.

Plaintiff commenced the sewer extension work in a timely fashion. Plaintiff alleged, however, that it experienced successive delays and interferences with its work, all caused or permitted by defendant. One such disruption, plaintiff claimed, was the result of inaccurate project drawings that incorrectly identified the locations of underground utilities. On January 11, 2006, plaintiff submitted a notice of intent to defendant's engineer relating to lost time and possible monetary compensation due to the utility problems encountered, and on January 18,

---

[1] *Rainbow Constr, Inc v Howell Twp*, unpublished order of the Court of Appeals, entered May 27, 2014 (Docket No. 318591).

-1-

2006, plaintiff submitted a revised schedule, which provided that the project was to be completed by August 12, 2006. In response, on January 24, 2006, defendant's engineer sent a letter to plaintiff complaining about the delay and requesting an updated schedule meeting the original June 8, 2006, deadline.

On February 7, 2006, the Livingston County Road Commission informed defendant that plaintiff was using Oak Grove Road as a staging platform against the commission's policy. The road commission requested that plaintiff devise a safe means to protect the roadway. On February 10, 2006, plaintiff complained to defendant's engineer regarding the cost of steel plating to protect the road pavement, as well as regarding the inadequate rights-of-way. Defendant's engineer sent a response to plaintiff on February 17, 2006, stating that there was no indication by plaintiff in its bid for this project that the public rights-of-way were insufficient and that plaintiff should be solely responsible for the means and methods of construction.

On March 14, 2006, plaintiff sent a letter to defendant's engineer proposing further work along Oak Grove Road and requesting an extension of time. On March 17, 2006, defendant (not the engineer) denied plaintiff's requests, stating that neither additional payment nor extension of time to complete the work was permitted.

On June 7, 2006, plaintiff sent another letter to defendant's engineer, identifying a number of unanticipated events beyond the control of plaintiff that impacted the schedule and providing a proposed revised schedule identifying October 3, 2006, as the project completion date. On June 8, 2006, defendant's engineer notified plaintiff that it was in default of the contract because it had not substantially completed the work and, as a result, defendant would begin charging liquidated damages. Plaintiff protested the notice of default, alleging that it was not justified and constituted "a formal and material breach of the contract" because the delays were beyond plaintiff's control. Plaintiff asserted that it was entitled to an extension of time to complete the project; it was substantially completed on November 9, 2006.

On December 1, 2006, plaintiff submitted a claim to defendant's engineer for $41,580 for additional costs incurred for using steel plating compelled by the road commission to protect the roads. In response, defendant's engineer issued a proposed change order dated December 19, 2006, agreeing to pay plaintiff the claimed amount, in exchange for a full release of the claim. On December 1, 2006, plaintiff submitted another claim for $11,475, relating to additional costs incurred to remove buried Comcast cables that were not shown on the original contract plans. Plaintiff also submitted a claim on November 14, 2007, for $22,363.91 for costs incurred to use undercut/stone refill beyond the bedding specification for a pipe installation. Plaintiff thereafter requested additional monies, including $1,431.50 for paving a driveway at Oak Grove Road, $153,000 for "[l]iquidated damages to be rescinded," and $70,000 as a "bonus" enhancement.

On February 22, 2008, defendant sent a letter to plaintiff suggesting a meeting in the near future to resolve any remaining disagreements the parties had.[2]  Defendant's March 28, 2008, letter to plaintiff acknowledged that plaintiff's claim for $1,431.50 regarding the driveway paving and other claims had been "submitted."  On April 9, 2008, the parties attended a conference and discussed the claims in dispute, but the negotiation reached an impasse and no change order was issued.

The trial court concluded that the statute of limitations did not begin running until after the April 2008 meeting and that plaintiff's August 2, 2012, lawsuit was timely.

## II.  ANALYSIS

Defendant contends that plaintiff's claim for breach of contract was barred by the applicable statute of limitations.  We review de novo an order granting or denying summary disposition.  *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010).  A party is entitled to summary disposition under MCR 2.116(C)(7) if the opposing party's claims are barred under the applicable statute of limitations.  When reviewing a motion for summary disposition made pursuant to MCR 2.116(C)(7), "[t]he Court must consider affidavits, pleadings, depositions, admissions, and any other documentary evidence submitted by the parties, to determine whether a genuine issue of material fact exists."  *Nuculovic*, 287 Mich App at 61.  The contents of the complaint will be accepted as true unless specifically contradicted by other documentary evidence submitted by the parties.  *Bryant v Oakpointe Villa Nursing Ctr, Inc*, 471 Mich 411, 419; 684 NW2d 864 (2004).  If no material facts are in dispute and reasonable minds could not differ regarding the legal effect of the facts, the issue of whether the statute of limitations bars a plaintiff's claim is a matter of law.  *Guerra v Garratt*, 222 Mich App 285, 289; 564 NW2d 121 (1997) (citations and quotation marks omitted).

The limitations period for a claim of breach of contract is six years.  MCL 600.5807(8).  "A claim accrues, and the limitations period begins to run, when the claim may be brought.  For a breach of contract action, the limitations period generally begins to run on the date that the breach occurs."  *Seyburn, Kahn, Ginn, Bess, Deitch and Serlin, PC v Bakshi*, 483 Mich 345, 355; 771 NW2d 411 (2009) (citation omitted).

The goal of contract interpretation is to determine and enforce the intent of the parties, as expressed in the contract.  *Shay v Aldrich*, 487 Mich 648, 660; 790 NW2d 629 (2010).  A "contract must be interpreted according to its plain and ordinary meaning."  *Holmes v Holmes*, 281 Mich App 575, 593; 760 NW2d 300 (2008).  Clear and unambiguous contractual language must be enforced as written.  *Holland v Trinity Health Care Corp*, 287 Mich App 524, 527; 791 NW2d 724 (2010).

---

[2] Although this letter is not included in the lower court record, plaintiff attaches it to its appellate brief.  Defendant, in its reply brief, does not dispute the accuracy of the letter, and the letter is mentioned and referred to in other documents.  Accordingly, we consider it.

The parties agreed that "[t]he rendering of a decision by [defendant's engineer] with respect to any claim, dispute or other matter, except to any which have been waived by the making or acceptance of final payment . . . , will be a condition precedent to any exercise by [defendant] or [plaintiff] of . . . rights or remedies . . . ."

Defendant argues that all of plaintiff's claims submitted on or before June 8, 2006, were denied. Defendant argues that its engineer notified plaintiff that it was in default and invoked the liquidated damages clause under the agreement by June 8, 2006. Defendant contends that plaintiff needed nothing more from the engineer to commence this lawsuit, and therefore, plaintiff's action on August 2, 2012, was time-barred. Conversely, plaintiff argues that defendant's engineer did not review and reject any of its claims before June 8, 2006. Plaintiff asserts that the statute of limitations for breach of contract did not begin to run until after the parties' April 9, 2008, negotiation.

As set forth above, plaintiff submitted various claims throughout the construction work. The parties corresponded with one another in various fashions, but the salient fact is that, by way of its letters on February 22, 2008, and March 28, 2008, defendant *acknowledged* that plaintiff had various outstanding claims. It even listed the claims with specificity. Under these unique circumstances, we conclude that the trial court reached the correct decision.

In *Oak Const Co v State*, 33 Mich App 561, 565; 190 NW2d 296 (1971), the defendant contracted with the plaintiff to do certain repair work and there was a claim procedure for requesting additional compensation for contract work. The procedure required the plaintiff to submit claims to the central office adjustment board before commencing suit, and the board would then review the claim and render a final decision. *Id*. This Court found that a legal claim accrued when the board finally rejected a contested claim, i.e., when the board notified plaintiff that it had rejected its claim. *Id*. at 566-567. Here, plaintiff's claim for breach of contract accrued after the April 9, 2008, meeting at which no decisions were reached,[3] because before that time, defendant had acknowledged that there were outstanding claims. Accordingly, plaintiff's claim for breach of contract was not time-barred.[4]

Defendant also contends that plaintiff's action for breach of contract was unsustainable because plaintiff was the first party to breach the contract by failing to substantially complete the work by the June 8, 2006, deadline. Defendant did not raise this issue when it sought summary disposition under MCR 2.116(C)(7). Defendant filed an application for leave to appeal, but the application did not include the issue of the alleged first breach. After this Court denied the application, defendant filed a motion for reconsideration in which defendant raised the issue for

---

[3] The contract provided: "In the event that ENGINEER does not take action on a Claim within . . . 30 days, the Claim shall be deemed denied."

[4] We note that, in its primary appellate brief, defendant acknowledges that plaintiff followed the time requirements for submitting claims to defendant under the contract, stating that "Rainbow *followed the Agreement's procedure* and provided Howell's Engineer notice of all the claims it now submits in this action . . ." (emphasis added).

the first time. This Court granted the motion, stating that the "appeal is limited to the issues raised in the application and supporting brief. MCR 7.205(E)(4)" *Rainbow Constr, Inc v Howell Twp*, unpublished order of the Court of Appeals, entered May 27, 2014 (Docket No. 318591). Accordingly, the issue is not properly before this Court.

Defendant further argues that plaintiff's innocent misrepresentation claim was time-barred because any innocent misrepresentation must have been made before the agreement was signed, and therefore, such claim must have accrued at the time the agreement was made.

A claim of innocent misrepresentation requires "that the representation was made in connection with making a contract[,] and the injury suffered by the victim must inure to the benefit of the misrepresenter." *United States Fidelity & Guaranty Co v Black*, 412 Mich 99, 118; 313 NW2d 77 (1981). A claim for innocent misrepresentation must be brought within six years from the time the claim accrues. MCL 600.5813. A claim accrues when the "wrong" is done, MCL 600.5827, which has been interpreted to mean the time when the plaintiff was harmed rather than the time when the defendant acted, *Stephens v Dixon*, 449 Mich 531, 534-535; 536 NW2d 755 (1995).

An action for the analogous theory of negligent misrepresentation does not accrue before the plaintiff knew or should have known of the negligent misrepresentation. *Williams v Polgar*, 391 Mich 6, 25; 215 NW2d 149 (1974). Plaintiff claimed that during the course of the work, it found out that defendant incorrectly showed the existing underground facilities, thereby causing additional time and expense on the part of plaintiff. Plaintiff alleged in its complaint that defendant "unintentionally made a series of false representations concerning the location of subsurface elements that plaintiff might anticipate encountering during the course of the work." Thus, the claim accrued when the underground facilities were discovered. We note that plaintiff submitted its claim to defendant relating to the utility conflicts on January 11, 2006, and defendant issued a denial on January 24, 2006.[5] Accordingly, plaintiff failed to raise its innocent misrepresentation claim within the six-year limitations period, and that claim was time-barred.

---

[5] We cannot construe defendant's letters of February 22, 2008, and March 28, 2008, as acknowledgments that claims involving "innocent misrepresentation" were outstanding. We note that in its complaint, plaintiff set forth its various monetary claims (some of which were directly acknowledged by defendant it its letters) in its "breach of contract" count. Under the "innocent misrepresentation" count, plaintiff made a vague allegation that "plaintiff expended additional time and expense in performing the contract, all to the benefit of the defendant." Under the circumstances, we cannot find a later accrual date for the innocent misrepresentation claim based on defendant's letters. Plaintiff's specific claims as discussed in the letters were set forth in the count for breach of contract.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Patrick M. Meter
/s/ Deborah A. Servitto