ST. JAMES v. ERSKINE.

DEEDS—REMOVAL OF TIMBER—REASONABLE TIME—NOTICE.

> Plaintiff deeded to defendant all the timber on certain property with the right to enter upon and cut and remove the same "at any time thereafter." *Held*, that defendant was entitled to a reasonable time after notice in which to remove the timber. *Huron Land Co.* v. *Davison*, 131 Mich. 86.

Error to Mackinac; Shepherd, J. Submitted January 13, 1909. (Docket No. 81.) Decided March 3, 1909.

Ejectment by Mary St. James against John D. Erskine. There was judgment for defendant, and plaintiff brings error. Affirmed.

*James McNamara & Son*, for appellant.

*Benjamin & Quay*, for appellee.

Plaintiff and appellant has made no such statement as Supreme Court Rule 40 requires. However, as the case is a simple one, and the facts are found by the circuit judge, we will dispose of the case without requiring such statement. The action is ejectment. Plaintiff is the owner of the original title. Defendant obtained a tax title upon the land. A settlement was effected, by which the defendant executed a quitclaim deed to the plaintiff, and the plaintiff executed to the defendant a quitclaim deed, conveying to him "all the timber of every nature and description now standing or fallen on the land [describing it], with the right to enter upon and cut and remove said timber *at any time thereafter*." This arrangement was made in 1902. The bulk of the timber had previously been cut and removed from the land by the plaintiff. The defendant went upon the land, and took only such possession as consisted in the removal of a

portion of the timber conveyed.    Shortly after the settlement plaintiff removed from the State of Michigan, and has continued a nonresident since.    She did not desire the premises for cultivation or personal use.    She gave defendant no notice, actual or constructive, to cut and remove the timber.    Defendant claimed no right, title, or interest in and to the land, except to enter, cut, and remove the timber.    The court held as a conclusion of law that the plaintiff was not entitled to recover, and entered judgment for the defendant.

GRANT, J. (*after stating the facts*).    While the defendant had had a reasonable time, prior to the bringing of this suit, within which to remove the timber, yet the deed from plaintiff to him gave him the right of removal at any time thereafter.    As found by the trial court, the timber could all have been removed within two years. We held in *Huron Land Co.* v. *Davison*, 131 Mich. 86, under a clause in a deed "reserving all pine and hemlock timber" (the deed being silent as to the time for removal), that the plaintiff (the owner of the timber) was entitled to reasonable time after notice to remove.    This case is ruled by that.

Judgment affirmed.

BLAIR, C. J., and MONTGOMERY, OSTRANDER, and McALVAY, JJ., concurred.