GROSS *v.* VON DOLCKE.

1. BILLS AND NOTES—ORIGINAL PARTIES—NEGOTIABILITY.

As between the original parties to a note, whether the instrument is negotiable or nonnegotiable is not material to the right to recover thereon (2 Comp. Laws 1929, §§ 9253, 9256, 9307).

2. SAME—TIME OF PAYMENT.

Where a note is made payable after a named date, payment would be due within a reasonable time after such date (2 Comp. Laws 1929, § 9256).

3. SAME—TIME OF PAYMENT—DEMAND.

If an instrument is construed as one in which no due date is provided, it is then payable on demand (2 Comp. Laws 1929, § 9256).

4. SAME—UNCERTAINTY AS TO DUE DATE—NEGOTIABILITY—CONTRACTS—PARTIES.

Uncertainty as to due date of note, injected by appended provision extending time for payment indefinitely, destroyed the negotiability of the note, but not the contract as between the parties (2 Comp. Laws 1929, §§ 9253, 9256, 9307).

5. SAME—COMMON COUNTS—PRIMA FACIE CASE—BURDEN OF PROOF
   —DEFENSES.

  In action of assumpsit wherein plaintiff declared on the common
    counts and attached a nonnegotiable instrument thereto, when
    plaintiff introduced the instrument and computed the interest
    thereon he established a prima facie case and the defendants
    who had pleaded lack of consideration then had the burden of
    proving defenses pleaded, including lack of consideration (2
    Comp. Laws 1929, §§ 9253, 9256, 9307).

6. APPEAL AND ERROR—REMAND—SUBMISSION OF EVIDENCE ON
   PLEADED DEFENSES.

  Where judgment for no cause of action was given in nonjury
    trial of payee's action of assumpsit on the common counts to
    which there was attached a nonnegotiable note made by de-
    fendants and the instrument purported to be supported by a
    valid consideration, upon reversal defendants are entitled to
    present to the trial court such defenses as were pleaded, in-
    cluding lack of consideration, hence the cause is remanded (2
    Comp. Laws 1929, §§ 9253, 9256, 9307).

Appeal from Wayne; Brown (William B.), J., pre-
siding. Submitted October 5, 1945. (Docket No. 70,
Calendar No. 42,045.) Decided December 3, 1945.

Assumpsit by Nathan M. Gross against Arthur L.
Von Dolcke and wife for money due on a written in-
strument. Judgment for defendants. Reversed and
new trial granted.

*David I. Hubar,* for plaintiff.

NORTH, J. This is an appeal from a judgment of
no cause of action. The plaintiff instituted suit on
the following instrument designated as a "promis-
sory note" in the pleadings:

"April 8, 1935.
"For value received and for services rendered,
we, hereby agree to pay to Nathan M. Gross or or-
der the sum of $5,000 on or before October 1, 1936,
with interest at 5 per cent. per annum.
                    "(Signed) ARTHUR L. VON DOLCKE.
                    "(Signed) DORIS VON DOLCKE.

"This note given to me in consideration of the services I have rendered, is to be paid in full if possible by that time, and if this amount is (not) available, a partial payment will be acceptable of any amount available and the note extended from time to time until it can be paid in full by either Doris or Arthur von Dolcke, individually or collectively.

"(Signed) N. M. GROSS."

Upon trial without a jury, plaintiff introduced the above instrument as prima facie evidence of his case, computed interest showing $6,270 was the amount due and for which he sought judgment. He then rested his case. Defendants thereupon made a motion to dismiss on the ground of ambiguity of due date and failure of consideration. After considerable discussion between counsel and court, a judgment of no cause of action was given for the reason that a "definite, positive, unqualified due date is essential in a promissory note" and is lacking in the present instrument. 2 Comp. Laws 1929, § 9253 (Stat. Ann. § 19.46). We are of the opinion the trial court erred in entering a judgment of no cause of action.

Plaintiff's declaration was on the common counts with the above-quoted instrument attached thereto. This action is between the original parties to the instrument. As between original parties it is immaterial whether the instrument is negotiable or nonnegotiable. Hence in the instant case the usual rules of *negotiable* instruments are inapplicable.

"After all, a promissory note is a simple contract until it takes on peculiar features through negotiation by the payee or as may be expressly declared by statute. As between the original parties, it is subject to the same defenses as if it were nonnegotiable,

2 Comp. Laws 1929, § 9307 (Stat. Ann. § 19.100)."
*Annis* v. *Pfeiffer,* 278 Mich. 692.

See, also, *Parker* v. *Parker,* 282 Mich. 158.

Defendants' obligation on the instrument in suit is no different than it would have been if the instrument had been made payable "after October 1, 1936." Such a provision at least would make payment due within a reasonable time after the specified date. Or if this instrument is construed, in view of all its terms, to be one in which no due date is provided, it was then payable on demand. "An instrument is payable on demand: * * * Second, In which no time for payment is expressed." 2 Comp. Laws 1929, § 9256 (Stat. Ann. § 19.49).

The uncertainty of the due date, injected by the appended provision, destroyed *negotiability,* but it did not destroy the contract as between the parties. *Smith* v. *Van Blarcom,* 45 Mich. 371, is applicable to the present case. In that case a note for $300 had attached to it a rider permitting the payee to extend the time of payment indefinitely if he saw fit. Mr. Justice CAMPBELL, in the opinion, said:

"The court below held that this destroyed the negotiability, because it rendered the time of payment uncertain.

"Plaintiffs in error claim that this clause is void, and that the note should stand without it. But it cannot be held void unless it is either illegal or nugatory as meaning nothing. Parties may make such innocent bargains as they choose, and the effect will not be to destroy the legality of the instrument, although it may destroy its negotiability.

"By the terms of this note, which must be read subject to the condition, it was not payable absolutely three months after date, or at any other one time. * * * There is nothing on the face of the note whereby any one can tell either directly or by refer-

ence to any particular event, at what period this paper will become absolutely payable. * * * We think the condition in question reduced the paper to a simple contract and destroyed its quality as a negotiable note.''

When plaintiff rested, he had made a prima facie case; and judgment should not have been entered against him. While defendants pleaded lack of consideration, since this suit was brought upon an instrument purporting to be supported by a valid consideration, the burden of proving lack of consideration was on defendants. *In re McLaughlin's Estate,* 182 Mich. 707. Defendants are entitled to present to the trial court such defenses as have been pleaded, including lack of consideration. For that reason the cause must be remanded.

In view of our holding herein, there is no need for passing on appellant's contention that denial of his motion to submit to a nonsuit constituted error. The judgment entered is reversed and a new trial granted. Plaintiff may have costs of this Court.

STARR, C. J., and CARR, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.