TERRY CONTRACTING, INC., Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 46817.)

Third Department, June 14, 1967.

*Max E. Greenberg* (*Leonard H. Rubin* and *Emanuel Harris* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Jeremiah Jochnowitz* and *Ruth Kessler Toch* of counsel), for respondent.

STALEY, JR., J. The claimant appeals from an order of the Court of Claims which dismissed the claim on the ground that it was not timely filed.

The claim arose out of an alleged breach of contract for work performed by claimant on the Belt Parkway and Van Wyck Expressway in the Counties of Nassau, Kings and Queens.

The contract was entered into on or about June 22, 1960. On March 27, 1962, the Department of Public Works accepted the work performed pursuant to the contract. During the months of February and April, 1962, liens were filed against the contract, and the Comptroller advised the claimant of the filing of the liens, and that no further payments would be made until the liens had been discharged. The liens were discharged on May 10, 1966. An unsigned final agreement and final estimate was forwarded to the claimant on May 14, 1963. The final estimate was approved by the District Engineer on April 23, 1963, and by the Assistant Deputy Chief Engineer of Highways on May 24, 1963. It was also approved by the Director

of the Budget on April 29, 1963, and by the Comptroller on May 6, 1963.

On June 30, 1966, the State tendered payment pursuant to the final estimate which was refused by claimant. The claim, alleging eight causes of action, was filed on August 3, 1966. No notice of intention to file a claim had been filed. Claimant moved on or about August 11, 1966 to sever the first cause of action in the claim from the remaining causes of action, and for immediate trial of the first cause of action. The State cross-moved to dismiss the claim on August 26, 1966 on the ground that the claim was not timely filed, which motion was granted by the Court of Claims.

The State contends that the appellant's claim accrued on May 14, 1963 when the final estimate was submitted to the claimant, and that the claim was not timely filed since it was not filed within six months thereafter as required by subdivision 4 of section 10 of the Court of Claims Act. The claimant contends that the claim accrued on the 30th day of June, 1966, when the State tendered payment and that, in any event, the State waived any defense of the Statute of Limitations by failing to plead the same as an affirmative defense within the time limited to answer.

The time-limiting statutory provisions of section 10 of the Court of Claims Act have been construed as meaning that the time limitation does not start to run until the extent of the damage can be ascertained. (*Taylor* v. *State of New York,* 302 N. Y. 177; *Terrace Hotel Co.* v. *State of New York,* 19 A D 2d 434; *Waterman* v. *State of New York,* 19 A D 2d 264.)

Under article 10 of the contract between the parties, the final estimate, after approval of the District Engineer, was required to be submitted to the Superintendent of Public Works for final approval. The right was also reserved to the Superintendent to reject the whole or any portion of the final estimate should the certificate of the engineer be found or known to be inconsistent with the terms of the agreement or otherwise improperly given. The right was also reserved to the Superintendent to make corrections in certificates or estimates upon which partial payments had already been made.

In its brief, the State concedes that the so-called final estimate submitted to the claimant on May 14, 1963 was not signed or approved by the Superintendent of Public Works prior to its being mailed to the claimant. The right having been reserved to the Superintendent to reject the whole or any portion of the final estimate, the claimant, having received an esti-

mate without his approval indorsed thereon, had no way of ascertaining the extent of his damages, if any. Until such time as the Superintendent affixed his approval to the estimate, the claimant was justified in considering the estimate submitted as a proposed final estimate which could be adjusted upwards or downwards.

A rash of motions have recently been made by the State to dismiss claims under subdivision 4 of section 10 of the Court of Claims Act, all involving confusion in the interpretation or determination of what is the final estimate. These cases have led Judge DEL GIORNO and Judge LENGYEL of the Court of Claims to suggest that a clarification be made in the State contract to the end that contractors will clearly understand their rights in relation to the accrual date of their claims. (*Mount Vernon Contr. Corp.* v. *State of New York,* 52 Misc 2d 781; *Fletcher-McCarthy Constr. Co.* v. *State of New York,* 53 Misc 2d 62; *Fehlhaber Corp.* v. *State of New York,* 52 Misc 2d 1073.)

In the *Mount Vernon Contr. Corp.* case, the Court of Claims determined that a document entitled " final agreement ", accompanied by a covering letter bearing the legend " proposed final agreement ", received by the claimant on February 21, 1964, was not a final estimate under the terms of the contract, and concluded that the claim accrued on June 3, 1965, the date the claimant received its check from the State.

In the *Fletcher-McCarthy Constr. Co.* case, a final estimate was mailed to the claimant on November 19, 1965. On January 11, 1966, the claimant executed and returned the final estimate together with a verified notice of claim for additional moneys. The State rejected the claim on February 9, 1966, and tendered its check as per the final estimate mailed on November 19, 1965 to claimant on March 10, 1966. The claimant returned the check on March 17, 1966, and filed its claim in the Court of Claims on May 25, 1966. The court, in interpreting the contract, determined that the final estimate was not " truly final " until all claims have been presented and agreed to, or rejected by the State, and held the claim timely filed.

In the *Felhaber Corp.* case, the State forwarded to the claimant on August 27, 1965 an unsigned and uncertified copy of " final agreement for your review " and signature. A final estimate, fully signed, and certified as prescribed in the Public Works specifications and the standard Public Works agreement of the State, was mailed to the claimant on January 19, 1966, and received by claimant on January 21, 1966. A notice of intention to file a claim was filed on July 13, 1966. Despite

the State's contention that the claim accrued on August 27, 1965, the date the final agreement was mailed, the Court of Claims determined that the claim accrued when the State mailed the certified, signed final estimate.

These cases all turn on their own set of facts, and indicate that technicalities which are involved in construing the contract could prove disastrous to a contractor, and point out the need for a more definite method of determining the time of accrual of a claim under a State contract. As suggested by the Court of Claims, the State Department of Public Works specifications and the State contract should be definitely amended in this regard.

We are here, however, dealing with the rule to be applied under the existing specifications and the provisions of existing contracts. It is our determination that, until such time as the State specifications and contract are amended, a claim will be deemed accrued upon receipt by the claimant of a completed final estimate fully certified and signed by the Superintendent of Public Works, or upon tender by the State of a check in the final payment under the contract and receipt thereof by the claimant, whichever event first occurs.

In the present case, there is nothing in the record which indicates that the Superintendent ever approved the final estimate, other than the fact that a check was forwarded to the claimant on June 30, 1966. On receipt of this check, the claimant was then, and only then, able to ascertain the extent of its damages.

The statutory period within which to file a claim commenced to run as of this date and, the claim having been filed on August 3, 1966, well within the six-month period set forth in the statute, was timely filed.

The contention that the State failed to plead the affirmative defense of the Statute of Limitations is without merit. Rule 13 of the Rules of the Court of Claims provides that the State does not have to serve a responsive pleading. (*Vern Norton, Inc.,* v. *State of New York,* 27 A D 2d 13.)

The order should be reversed, on the law and the facts, and the motion to dismiss the claim denied.

GIBSON, P. J., HERLIHY, REYNOLDS and GABRIELLI, JJ., concur.

Order reversed, on the law and the facts, and motion to dismiss claim, denied, with costs.