THE COOKE CONTRACTING COMPANY v DEPARTMENT OF STATE HIGHWAYS #1 (ON REHEARING)

1. LIMITATION OF ACTIONS—ADMINISTRATIVE LAW—EXHAUSTION OF REMEDIES—ACCRUAL OF CLAIM.

A construction contractor's claim against the State Highway Commission did not accrue and further action could not be commenced until after the final denial of an appeal to the Central Office Adjusting Board because only at that time could the plaintiff calculate the extent of damages with certainty.

2. ADMINISTRATIVE LAW—CLAIMS AGAINST STATE—DEPARTMENTAL PROCEDURE—NONCOMPLIANCE.

Noncompliance with its procedure is more properly charged to the state where both the state and a claimant strayed from the departmental procedure for presenting and appealing claims against the State Highway Commission.

Appeal from Court of Claims, Ross W. Campbell, J. Submitted Division 2 June 12, 1974, at Detroit. (Docket No. 13465.) Decided September 10, 1974.

Complaint by the Cooke Contracting Company against the State of Michigan and its Department of State Highways for compensation for extra work completed in the performance of a highway construction contract. Accelerated judgment for defendant. Plaintiff appeals. Affirmed, 50 Mich App 253. Upon rehearing, reversed and remanded.

*Doyle, Smith, Whitmer & Carruthers, P. C.,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law §§ 595–609.
[2] 2 Am Jur 2d, Administrative Law § 309.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Curtis G. Beck,* Assistants Attorney General, for defendants.

Before: J. H. GILLIS, P. J., and ALLEN and ELLIOTT,* JJ.

J. H. GILLIS, P. J. We granted application for rehearing to attempt resolution of facts and issues causing a three-way split of opinion in *Cooke Contracting Co v Department of State Highways,* 50 Mich App 253; 213 NW2d 262 (1973).[1] The facts are fully set out in that opinion; a detailed reiteration is unnecessary to consider the sole issue meriting discussion.

*Cooke Contracting I* unanimously found substantial compliance with the statute requiring notice of the time when the claim arose. MCLA 600.6431(1); MSA 27A.6431(1). That holding remains undisturbed.

The crucial, divisive issue is whether plaintiff's claim was filed within one year after it accrued in compliance with MCLA 600.6431(1); MSA 27A.6431(1). That statute provides:

"No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Hereafter referred to as *Cooke Contracting I.*

We think *Oak Construction Co v Department of State Highways,* 33 Mich App 561; 190 NW2d 296 (1971), was properly decided and states the law applicable to this case. *Oak* held that a claim accrues only when suit may be maintained thereon. Here, no lawsuit can be maintained "until the administrative remedies *provided for in the contract* have been exhausted". (Emphasis supplied.) *Cooke Contracting I, supra,* 268. The administrative procedure requires an appeal from denial of final estimates to the Central Office Adjustment Board. Only after its final denial can plaintiff calculate with certainty the extent of damages. *Cf. Terry Contracting Inc v State,* 27 AD2d 499; 280 NYS2d 450 (1967).

Plaintiff claims a letter from Lyle Lipp, a member of the Central Office Adjustment Board, dated August 6, 1969 triggers accrual:

"I understand Mr. MacCreery has notified you of our inability to process the final by including a recommendation for bridges over pavement and traffic regulators and maintaining traffic at 17 Mile Road."

Apparently, both Lipp and MacCreery represent the Central Office Adjustment Board. The first time plaintiff could have calculated damages with certainty would have been the notification from MacCreery. That date is not known, but must have occurred sometime between March 17, 1969 and August 6, 1969. *Cf. Cooke Contracting I, supra.* Both sides apparently strayed from the departmental procedure set out in *Cooke Contracting I, supra,* 267. Plaintiff's appeal apparently reached the Central Office Adjustment Board in some manner; however, they never rendered a formal written decision, but acquiesced in the variation.

We think that the noncompliance with its proce-

dure is more properly charged to the state. *Mount Vernon Contracting Corp v State,* 52 Misc 2d 781, 784; 276 NYS2d 1009, 1012 (1967), provides a rationale:

"[T]he Court finds it necessary to again remind the State that motions of this nature, which seek the dismissal before trial of substantial claims, should rest securely upon a foundation of compliance by it with the requisites and formalities of a final estimate as mandated in the public works specifications and the standard public works agreement, which we find to be the only provisions which would apply in this controversy."

Under *Oak,* claim accrual is capable of manipulation by either side. Yet, the state can prevent presentation of a claim to a contractor's prejudice by administrative delay. We think that requiring strict compliance by the state with its own designated procedures is the only way to avoid the pitfalls which Judge ADAMS describes so aptly in *Cooke Contracting I, supra.* See also *Terry Contracting Corp v State, supra.*

We have been advised that procedural reforms have been implemented, providing with certainty a time for accrual, so that this issue should not recur. Compliance with a simplified procedure earlier might well have prevented the costs of two appeals preceding this and the one sure to follow, which must have consumed several times over the slight sum plaintiff claims.

Reversed and remanded for proceedings consistent with this opinion. Costs to appellants.

All concurred.