SMITH v DEPARTMENT OF TREASURY

Docket No. 87923. Submitted January 14, 1987, at Lansing. Decided July 1, 1987. Leave to appeal denied, 429 Mich —.

Jack Smith and others brought an action in the Court of Claims against the Department of Treasury and the State Treasurer to collect payment on a certificate of indebtedness purportedly issued by the State of Michigan in 1839 and payable on July 15, 1842, "or at any time thereafter that the State may choose." The court, Michael G. Harrison, J., granted summary disposition on the basis that the period of limitation had run. Plaintiff appealed.

The Court of Appeals *held:*

1. A cause of action on a certificate of indebtedness accrues when a cause of action may be maintained on it.

2. Where no time is specified for the performance of a contract, the law presumes a reasonable time was intended.

3. The court did not clearly err in holding that the certificate became due at least in 1845 at which time there was a twenty-year period of limitations. Thus, plaintiff's claim is barred by that statute.

Affirmed.

1. LIMITATION OF ACTIONS — ACCRUAL OF ACTIONS — PROMISSORY NOTES.

A claim accrues when an action on it may be maintained; a promissory note payable at a fixed time may be sued upon only after the maturity date.

2. LIMITATION OF ACTIONS — STATUTES OF LIMITATION.

The purpose of statutes of limitation is to deny a remedy to a party who has been unreasonably negligent in asserting his rights; the statutes are founded on the presumption or probability that a claim has been satisfied, and also on the inexpediency

REFERENCES

Am Jur 2d, Bills and Notes §§ 1035 *et seq.*

Am Jur 2d, Limitation of Actions §§ 107 *et seq.*; 138 *et seq.*

When statute of limitations begins to run against note payable on demand. 71 ALR2d 284.

of permitting a stale claim to be prosecuted after a long acquiescence.

3. CONTRACTS — TIME FOR PERFORMANCE.

The Supreme Court has been unwilling to construe instruments as providing for an "ad infinitum" time for performance; where no time is specified, the law presumes a reasonable time was intended.

4. LIMITATION OF ACTIONS — CHOICE OF LAWS.

The statute of limitations applicable to a cause of action is that applicable at the time the rights accrued (MCL 600.5869, 600.6452[2], 600.9905[1]; MSA 27A.5869, 27A.6452[2], 27A.9905[1]).

*Bos & Hanes, P.C.* (by *Patrick D. Hanes*), for plaintiffs.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Milton I. Firestone* and *George M. Elworth*, Assistant Attorneys General, for defendants.

Before: D. E. HOLBROOK, JR., P.J., and WAHLS and G. W. CROCKETT, III,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the order of summary disposition entered in favor of defendants pursuant to MCR 2.116(C)(7), on the basis of the statute of limitations, and MCR 2.116(C)(10), on the basis that no genuine issue of material fact existed. We affirm.

This case involves the plaintiffs' action to collect payment on a certificate of indebtedness, No. 84, titled "Michigan Tax Stock," purportedly issued by the State of Michigan in 1839 in the face amount of $1,000, with interest of seven percent per annum payable semiannually upon presentment and delivery of coupons at the office of the Morris

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Canal and Banking Company in New York City. The principal sum was payable on July 15, 1842, "or at any time thereafter that the State may choose." The amount in controversy is the $1,000 principal sum, plus claimed accrued interest, compounded semiannually, allegedly exceeding $20 million.

Plaintiffs' complaint alleged that, as owners of Certificate No. 84, plaintiffs tendered the certificate to defendants for payment by means of a demand letter dated June 29, 1984, and that the defendants failed to make payment. The complaint alleged that only one interest payment had been made and, upon information and belief, that payment occurred on or about January 15, 1841.

Defendants filed a motion for accelerated judgment under then-applicable GCR 1963, 116-1(1), (2) and (5), asserting, inter alia, the statute of limitations as barring plaintiffs' suit. Affidavits and documentary evidence were filed in support of the motion. Subsequently, an evidentiary hearing, as ordered by the Court of Claims, was held on June 26, 1985. On July 17, 1985, the Court of Claims entered an order of summary disposition in favor of defendants pursuant to MCR 2.116(C)(7) and (10).

On August 6, 1985, plaintiffs filed a motion for reconsideration, judgment notwithstanding the verdict, new trial, and relief from the judgment. The motion was denied on September 17, 1985.

Also on August 6, 1985, plaintiffs moved to amend their complaint. In the proposed amended complaint, plaintiffs sought (1) a declaratory judgment that Certificate No. 84 was valid and enforceable; (2) a judgment against defendants for unpaid interest; (3) breach of contract damages exceeding $21 million; and (4) a claim to collect on a negotiable instrument. The proposed amended complaint

alleged that plaintiffs, in addition to being the "owner" of Certificate No. 84, were the successors to the bona fide purchaser of the certificate or holders in due course. The court of claims never ruled on the motion to amend.

Plaintiffs' entire complaint may be disposed of on the basis that the action is barred by the applicable statute of limitations. We first note that the trial judge, in deciding whether to grant defendant's motion for summary disposition, properly applied the Michigan Court Rules which took effect on March 1, 1985. See MCR 1.102; *Davis v O'Brien,* 152 Mich App 495, 500; 393 NW2d 914 (1986), lv den 426 Mich 869 (1986). MCR 2.116(G)(5) provides that in deciding a motion based on MCR 2.116(C)(7) a trial judge must consider the affidavits, pleadings, depositions, admissions and documentary evidence filed at the time the motion is considered. In addition, an evidentiary hearing was ordered to resolve factual issues raised by defendants' motion. MCR 2.116(I)(3).

Plaintiffs contend that their claims first accrued on July 15, 1984, when Certificate No. 84 was tendered for payment to the state and rejected. Defendants contend that plaintiffs' claim for the principal sum, if any, accrued by July 15, 1842, the date Certificate No. 84 matured and became redeemable, and that plaintiffs' claim in respect to the interest coupons accrued between 1839 and 1842 as interest accrued.

Three statutes of limitation, each commencing the running of the limitation period when the claim first accrues, were considered by the Court of Claims: (1) RS 1838, part 3d, title VI, chapter 2, § 1, which established a six-year limitation period for actions of debt, founded upon any contract or liability not under seal; (2) RS 1838, part 3d, title VI, chapter 2, § 7, which established a general

twenty-year limitation period for personal actions on contracts not otherwise limited;[1] and (3) § 5807(7) of the Revised Judicature Act of 1961 (RJA), MCL 600.5807(7); MSA 27A.5807(7), which establishes a ten-year limitation period for actions on state obligations. Plaintiffs contend that the appropriate statute of limitation is contained in the RJA Court of Claims Act, MCL 600.6452(1); MSA 27A.6452(1), which establishes a three-year limitation period for claims against the state, commencing when the claim first accrues. In deciding the motion, the Court of Claims applied the twenty-year limitation period and found that the period had expired, at the latest, in the latter part of the 19th century.

A claim accrues only when suit may be maintained thereon. *The Cooke Contracting Co v Dep't of State Highways #1 (On Rehearing),* 55 Mich App 336, 338; 222 NW2d 231 (1974). The purpose of statutes of limitation is to deny a remedy to a party who has been unreasonably negligent in asserting his rights. The statutes are founded on the presumption or probability that a claim has been satisfied, and also on the inexpediency of permitting a stale claim to be prosecuted after a long acquiescence. *Buzzn v Muncey Cartage Co,* 248 Mich 64, 67; 226 NW 836 (1929); *Lothian v Detroit,* 414 Mich 160, 166; 324 NW2d 9 (1982).

As a general rule, promissory notes payable at a fixed time may be sued on only after the maturity date as thus fixed. *Jocque v McRae,* 142 Mich 370, 371; 105 NW 874 (1905). See also *Steep v Harpham,* 241 Mich 652, 655; 217 NW 787 (1928).

Essentially, plaintiffs contend that an "ad infinitum" construction must be given to the state's ability to extend the due date of Certificate No. 84

---

[1] RS 1838, part 3d, title VI, chapter 2, § 7, was amended by RS 1846, title XXVI, chapter 140, § 7, to provide a ten-year limitation period.

to a time of its choosing, at least until the state actually declares that the certificates are due. This is based on the wording of the following clause in the certificate:

> Know all Men by these Presents, That the State of Michigan acknowledges to owe to Henry Howard, Auditor General, the sum of One Thousand Dollars, lawful money of the United States of America, which sum of money the said State promises to pay to the said Henry Howard, or to his assigns, at the Office of the Morris Canal and Banking Company, in the city of New York, *on the fifteenth day of July, in the year of our Lord one thousand eight hundred and forty-two, or at any time thereafter that the State may choose,* with interest thereon at the rate of seven percent. per annum, payable half yearly at the said Office of the Morris Canal and Banking Company, in the city of New York, upon presentation and delivery of the Coupons severally hereunto annexed, to wit. on the fifteenth day of January and the fifteenth day of July in each and every year, until the payment of the said principal sum of One Thousand Dollars.
>
> The faith of the State is hereby solemnly pledged to secure the regular and punctual payment of the interest semi-annually, and the ultimate redemption of the said Stock. [Emphasis supplied.]

However, this claim is inconsistent with plaintiffs' contention that Certificate No. 84 was negotiable. An uncertain due date destroys negotiability of instruments, although the contract remains valid. *Smith v Van Blarcom,* 45 Mich 371; 8 NW 90 (1881). Further, our Supreme Court has been unwilling to construe instruments as providing for an "ad infinitum" time for performance. When no time for payment is specified, the law will presume a reasonable time. *Siegel v Sharrard,* 276 Mich

668, 672; 268 NW 775 (1936). Cf. *St James v Erskine,* 155 Mich 606; 119 NW 897 (1909). See also *Gross v Von Dolcke,* 313 Mich 132, 134-135; 28 NW2d 838 (1945). In *Palmer v Palmer,* 36 Mich 487 (1877), the Court held that a payee may not postpone enforcement of his claim indefinitely when the language of a note contemplates that a demand be made. The accrual, for purposes of the statute of limitation, commences to run when the payee, by his own act, and in spite of the debtor, can make the demand payable.

Applying these principles to Certificate No. 84, it seems clear that the language "or any time thereafter that the State may choose" should be construed as contemplating an extention of the redemption date of July 15, 1842, to a reasonable time thereafter. The Court of Claims' determination that a reasonable time in this case would be until 1845, or the year when the state had the funds available to redeem the series of certificates containing Certificate No. 84, was not clearly erroneous.[2]

---

[2] The bond series containing Certificate No. 84 was authorized by RS 1838, part 1st, title V, chapter 5, § 24, which, stated the following:

> The auditor general shall, on or before the first day of May, next after receiving the returns of unpaid taxes from the county treasurers, furnish the state treasurer with an account of all unpaid taxes returned to his office by the several county treasurers, and the amount due to each of the counties respectively, and the state treasurer shall, upon the receipt of said account, issue certificates of state stocks of convenient amounts, and for an amount equal to the whole amount of said unpaid taxes, which stocks shall be redeemable three years and six months from the January next before their issue, to bear an interest of seven per cent, payable semi-annually, and shall be signed by the state treasurer, and countersigned by the auditor general.

The purpose of the bond issue was to satisfy the state's need for funds, the availability of which had been impaired by delays in collecting property tax revenues. Initially, the state intended to sell bonds totaling about $100,000 to provide for the total amount of

Contrary to plaintiffs' contention, the statute of limitations contained in the RJA has no application to their claim. By operation of the saving clauses, MCL 600.9905(1); MSA 27A.9905(1), MCL 600.5869; MSA 27A.5869, and MCL 600.6452(2); MSA 27A.6452(2), the statute of limitation which governs is that under which their rights accrued. See also *Head v Children's Hospital of Michigan,* 407 Mich 388, 391; 285 NW2d 203 (1979).

We find no error of law in the Court of Claims' determination to apply the twenty-year limitation period contained in RS 1838, part 3d, title VI, chapter 2, § 7. Since this limitation period expired at least one hundred years prior to plaintiffs' demand for payment on Certificate No. 84 and

---

delinquent taxes returned by the several counties to the Auditor General's office. However, due to the depressed state of the money market and the depressed value of stocks generally, sales could only be effected in the amount of $31,000. The bonds, totaling approximately $100,000, were auctioned for sale in the City of Detroit on July 15, 1839. Twenty thousand dollars in bonds were sold at the time to the Bank of Michigan. A second auction was scheduled for August 26, 1839. Eleven thousand dollars in bonds were sold that day to the Bank of St. Clair. According to the bond registers only bonds numbered 1 through 31, inclusively, were sold. The $31,000 "amount of issue" was included in the "statement of bonds issued by the State of Michigan, and the yearly amount of interest payable on the same" report prepared by the Auditor General and dated December 14, 1839. Interest of $1,085, or $35 per certificate, was paid semiannually through July 15, 1842, the date on which the certificates became redeemable.

The state, however, did not redeem these certificates on July 15, 1842, apparently due to a lack of funds. Certificates Nos. 28-31 were redeemed, using the proceeds from tax sales in October, 1843. In his December 2, 1844, annual report, the State Treasurer requested that "authority should be given to allow interest for such time after the last half years' interest fell due, as might intervene up to the time of redeeming the principal, or giving notice that funds were on hand for their redemption." The remaining certificates, Nos. 1-27, were redeemed by November 14, 1845. The bond registers have no entries showing a payment of interest subsequent to the July 15, 1842, redemption date. Interest, however, continued to be paid using a system other than the coupon system originally provided for with the certificates. In his December 1, 1845, annual report, the Auditor General specified that the proceeds of the previous year's state taxes were sufficient to pay off the $31,000 state tax stock.

their subsequent filing of the complaint, the trial court did not err in granting defendant's motion for summary disposition.

In view of our disposition of this issue we decline to review plaintiffs' contention that summary disposition under MCR 2.116(C)(10) was erroneous since Certificate No. 84 represents a valid obligation of the state.

Finally, plaintiffs' contention that they should be allowed to amend their complaint is without merit. Leave to amend a complaint is properly denied where the amendment would be futile. *Meyer v Hubbell,* 117 Mich App 699; 324 NW2d 139 (1982), lv den 417 Mich 993 (1983). Since plaintiffs have made no effort to explain how their second amended complaint avoids the statute of limitation problems encountered by their first complaint, it is clear that the amendment would be futile and was properly disallowed.

Affirmed.